IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MONROE GAINES, JR., : | |
| Plaintiff, : | |
| v. : | 1:03-cv-188 (WLS) |
| OFFICER CANDIS HEARD, : | |
| Defendant. : | |

**ORDER**[1]

Presently pending before the Court are Plaintiff's Motion for Appointment of Counsel (Doc. No. 19)[2] and Plaintiff's Motion to Request ADA for the Civil Action. (Doc. No. 31). For the reasons stated below, Plaintiff's motions (Docs. No. 19,31) are **DENIED.**

**I.   DISCUSSION**

    **A.   Motion for the Appointment of Counsel**

Appointment of counsel in a civil action is a privilege that is justified only by exceptional circumstances. Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of Plaintiff's claims and the complexity of the issues presented. *See* Holt v. Ford, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in Holt, it appears that at

---

[1]The Court notes Officer Kandace E. Hird has been incorrectly identified in the complaint by Plaintiff as "Officer Candis Heard."

[2]On July 21, 2004, Plaintiff filed a "Motion to Request Legal Counsel." (Doc. No. 5). Said motion was denied on September 16, 2004. (Doc. No. 8).

the present time, the essential facts and legal doctrines in this case are ascertainable by Plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by Plaintiff. Thus far, Plaintiff has clearly set forth his claims (Doc. No. 2), has articulately responded to the Court's "Order to Supplement Complaint" (*See* Doc. Nos. 4, 6) and has adequately objected to the Magistrate Judge's report and recommendations. (Doc. No. 9).[3] Moreover, at the time of filing the complaint, Plaintiff declared under penalty of perjury in his Motion to Proceed *In Forma Pauperis* that he was currently employed with the Dougherty County Sheriff's Department. (Doc. No. 1).  The Court on its own motion will reconsider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights in accordance with Holt. Accordingly, Plaintiff's Motion for Appointment of Counsel (Doc. No. 19) is **DENIED**.

     **B.**     **Motion to Request ADA for the Civil Action**

Rule 15(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "a party may amend the party's pleadings only by leave of court or by written consent of the

---

[3] The Court notes that Plaintiff has incorrectly stated that the Court denied discovery to enable him to identify John Doe Defendants.(Doc. No. 6) and "barred the plaintiff from interrogatives (sic) and deposition and there fore (sic) was unable to obtain the necessary information to support his claims and obtain information from hostile witness." (Doc. No. 9). A discovery conference in this action was held on April 20, 2005. (Doc. No. 26). A Scheduling and Discovery order was entered on April 29, 2005. (Doc. No. 27). In the scheduling/discovery order, the Court entered the discovery completion deadline upon which both Plaintiff and Defendant agreed, i.e., October 31, 2005. *Id.* The deadline to join parties, also agreed upon by the parties, is August 15, 2005. *Id.* Therefore, discovery is presently underway. However, Plaintiff has not moved to join additional defendants and apparently has not taken advantage of the discovery process available to him. Plaintiff has not been denied discovery and has not shown that he has properly served discovery requests in accordance with the Federal Rules of Civil Procedure which were not responded to.

adverse party; and leave shall be freely given when justice so requires." Unless a substantial reason exists to deny leave to amend, "the discretion of the district court is not broad enough to permit denial." Motorcity of Jacksonville, Ltd. V. Southeast Bank N.A., 83 F.3d 1317, 1323 (11th Cir. 1996) (quoting Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989)), *vacated sub nom.* Hess v. FDIC, 519 U.S. 1087, 117 S.Ct. 760, 136 L.Ed.2d 708, *reinstated* 120 F.3d 1140 (11th Cir. 1997). Substantial reasons justifying a denial include "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by allowance of the amendment [and] futility of the amendment." Foman v. Davis, 371 U.S. 178, 181-82, 83 S.Ct. 227, 230, 9 L.E.2d 222 (1962). Should a district court decide to exercise its' discretion and deny the motion to amend, the decision will not be disturbed on appeal absent a showing that the court abused its discretion. Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1404 (11th Cir. 1994).

In the instant motion, Plaintiff requests that "the court allows (sic) his case in the above said action to proceed as a (sic) ADA case." (Doc. No. 31). However, no further explanation was provided to the Court as to what is meant by "ADA" and the Court will not engage in a futile effort to ascertain the intent of Plaintiff in using the term "ADA."[4] Furthermore, Plaintiff unduly delayed the filing of said motion. Plaintiff's complaint was filed on December 12, 2003. (Doc. No. 1). Defendant filed her answer on November 18, 2004. (Doc. No. 13). Plaintiff filed the instant motion more than five (5) months after the answer was filed, i.e., May

---

[4] If Plaintiff's reference is to a claim under the Americans with Disabilities Act of 1990, 29 U.S.C. § 12101, *et seq.*, nothing in Plaintiff's original complaint even vaguely suggests facts involving the Act.

13, 2005.  (Doc. No. 31).  Therefore, Plaintiff's Motion to Request ADA for the Civil Action (Doc. No. 31) is **DENIED**.

**II.     CONCLUSION**

Plaintiff's Motion for Appointment of Counsel (Doc. No. 19) should be, and hereby is, **DENIED**.

Plaintiff's Motion to Request ADA for the Civil Action (Doc. No. 31) should be, and hereby is, **DENIED**.

**SO  ORDERED**, this   8th   day of July, 2005.

       /s/W. Louis Sands
**W. Louis Sands, Chief Judge**
**United States District Court**