**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| MONROE GAINES, JR.,       :<br>           :<br>    Plaintiff,       :<br>           :<br>v.         :   1:03-CV-188 (WLS)<br>           :<br>JANICE ALLEN JACKSON, et. al..,  :<br>           :<br>    Defendants.       : | |

**ORDER**

Pending before the Court are Defendant Kandice Hird's ("Defendant") Motion to Compel (Doc. 33), Plaintiff's Motion for Joinder (Doc. 36), and Defendant's Motion for Summary Judgment (Doc. 39).  For the following reasons, Defendant's Motion to Compel (Doc. 33) is **DENIED**; Plaintiff's Motion for Joinder (Doc. 36) is **DENIED**; and Defendant's Motion for Summary Judgment (Doc. 39) is **GRANTED**.

**I.    Background**

Plaintiff filed the present suit on December 12, 2003 alleging constitutional and state law violations arising from events surrounding his December 15, 2001 arrest.[1]  (Doc. 2).  Specifically, Plaintiff alleges Defendant Kandice Hird violated his right to be free from unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.  *Id.*  Plaintiff, a physically handicapped individual, further maintains Defendant violated City of Albany policy by handcuffing a handicapped individual and failing to provide assistance exiting the transport vehicle. (*See* Doc. 43).  Additionally, Defendant notes that Plaintiff appears to have asserted additional claims against Defendant under 42 U.S.C. § 1983 for deliberate indifference, Eighth Amendment violations, and gross negligence.  (Docs. 40, 41).

---

[1] The Court notes that Plaintiff originally proceeded pro se in the instant action.  By its January 27, 2006 Order, the Court appointed Attorney Christopher S. Warren as Plaintiff's counsel. (Doc. 42).

**II.     Plaintiff's Motion for Joinder**

Plaintiff initially filed suit against Defendant, along with several others, including the City of Albany, the Albany Police Department ("APD"), APD supervisors on duty while Plaintiff was in custody, APD Officers, Phoebe Putney, and Phoebe Putney Emergency Doctors. (Doc. 2). On June 21, 2004, this Court ordered Plaintiff to supplement his complaint by listing each person whom he intended to be a defendant in this case. The Court further instructed Plaintiff to provide specific factual information as to the particulars of the constitutional violations alleged in his complaint. (Doc. 4). Plaintiff was given thirty (30) days within which to comply with the Court's June 21, 2004 Order. *Id*.

Plaintiff filed an amendment to his complaint with the Court on July 21, 2004, in which Plaintiff named various John Does as defendants, alleging that he was unable to provide the correct names for most of the defendants in the above-captioned matter due to denial of discovery materials. (Doc. 6). Thereafter, United States Magistrate Judge Richard L. Hodge issued a Report and Recommendation on September 16, 2004, in which he recommended the dismissal of all defendants except Defendant Hird. (Doc. 16). Judge Hodge specifically noted, "that it is [Plaintiff's] responsibility to ascertain the identity of the John Doe Officers and that [Plaintiff] must do so before the applicable statute of limitations period expires (presumably December 16, 2004." *Id*. Plaintiff did not file a timely objection to the Report and Recommendation.

Upon review of the Report and Recommendation, the Court accepted and adopted the same on February 3, 2005, and dismissed the following defendants from the above-captioned action: City Manager Janice Jackson, Bobby Johnson, APD Supervisors, Albany City Manager, Albany City Attorney, Albany Chief of Police, APD, APD Training Department, City of Albany, Phoebe Putney Emergency Doctors, Unknown Phoebe Putney Doctor and staff, and Phoebe Putney Hospital. (Doc. 18).

Plaintiff now moves the Court to join the City of Albany, APD Training Department and the police supervisors of Officer Hird, APD Officers Robert Vonmendenhall and Greg Elder ("Officer

Elder"), Phoebe Putney Hospital, Phoebe Putney Emergency Doctors, and Young J. Chong, M.D. ("Dr. Chong"), all parties which were dismissed by the Court's February 3, 2005 Order. (Doc. 36). In the instant motion, Plaintiff neither articulates any reason why he did not name these parties pursuant to the Court's Orders, nor articulates any reason why said parties should be joined following their dismissal. (*See* Doc. 36). Moreover, Plaintiff, having been timely advised by the Court of the pending statute of limitations deadlines, failed to specifically identify the parties within the relevant statutory period. (*See* Docs. 16, 36). For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Joinder. (Doc. 36).

## II. Defendant's Motion to Compel

Defendant moves the Court to enter an order compelling Plaintiff to respond to written interrogatories and document requests served on Plaintiff on May 15, 2005, or alternately, to enter an order dismissing Plaintiff's complaint. (Doc. 33, Exh. 1). As of July 8, 2005, Defendant maintains Plaintiff failed to respond to the discovery requests which were due on June 20, 2005. (Doc. 33). Additionally, Defendant asserts that Plaintiff failed to provide his Rule 26 Initial Disclosures by June 6, 2005 as agreed upon by the parties and ordered by this Court following the April 19, 2005 discovery conference. (*Id.*, *see also* Docs. 26, 27). Defendant further maintains that she has made a good faith effort to resolve the discovery disputes before filing the instant motion. (Doc. 33, Exh. 2).

The Court, having reviewed the record in connection with Defendant's Motion for Summary Judgment (Doc. 39), does not find it necessary at this time to resolve the instant motion to make a proper determination of the issues addressed in the Summary Judgment Motion. The Court also notes that Defendant Hird filed her Motion for Summary Judgment without benefit of said discovery requests, implying as a legal matter that said discovery was not necessary for Defendant to proceed. The Court, therefore, **DENIES** Defendant's Motion to Compel. (Doc. 33).

## III. Defendant's Motion for Summary Judgment

Defendant moves the Court for summary judgment as to all of Plaintiff's claims. (Doc. 39).

3

Defendant asserts that she is entitled to summary judgment in her individual capacity for all of Plaintiff's claims arising under 42 U.S.C. § 1983.  Defendant further asserts she is entitled to summary judgment on Plaintiff's state law claims because her actions were lawful and she is protected by official immunity.  In her official capacity, Defendant maintains she is entitled to summary judgment on Plaintiff's Section 1983 claims because there is no evidence of a custom or policy causing any alleged constitutional deprivations.  Finally, Defendant argues she is entitled to summary judgment on Plaintiff's state law claims in her official capacity because the City of Albany enjoys sovereign immunity.  (Doc. 40).

### A.     Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  An issue is "genuine" if the quantum and quality of proof necessary to support liability under the claim is raised. Allen v. Tyson Foods, 121 F.3d 642, 646 (11th Cir. 1997).  A fact is "material" if it hinges on the substantive law at issue and it might affect the outcome of the nonmoving party's claim. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); *see also* Allen, 121 F.3d at 646.  A judgment is appropriate "as a matter of law" when the nonmoving party has failed to meet its burden of persuading the Court on an essential element of the claim. Cleveland v. Policy Management Sys. Corp., 526 U.S. 795, 804 (1999); Celotex Corp., 477 U.S. at 323.

The movant bears the initial burden of showing that there is no genuine issue of material fact. Celotex Corp, 477 U.S. at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact or by showing, or by pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.  Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that

there is a genuine issue for trial." *Id.* at 324.  To avoid summary judgment, the nonmoving party must do more than summarily deny the allegations or "show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict.  Celotex Corp., 477 U.S. at 322-23; Allen, 121 F.3d at 646.  However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

**B.    Factual Summary**

On or about the night of December 15, 2001, Plaintiff Monroe Gaines was arrested at his home for battery and domestic violence.  (Docs. 40, 43).  Once arrested, Plaintiff complained of chest pains and that he needed medical treatment.  *Id*.  Plaintiff was transported directly to Pheobe Putney Memorial Hospital ("Phoebe Putney") by Officer Arthur Tyler ("Officer Tyler"). *Id*.  Plaintiff alleges that he was denied treatment at the hospital. (Doc. 43).  Alternately, Defendant maintains Plaintiff was treated in the emergency room.  (Doc. 40, Exh. A).  While at the emergency room, Officer Tyler's shift ended and Defendant's shift began.  (Docs. 40, 43).

When Phoebe Putney released Plaintiff, Defendant handcuffed and transported Plaintiff to the Dougherty County Jail.  *Id*.  Plaintiff alleges that after being handcuffed, he made several complaints that the handcuffs were too tight and requested they be loosened.  (Doc. 43).  Plaintiff further alleges that Defendant refused to comply.  *Id*.  As a result of the tightness of the handcuffs, Plaintiff contends, he suffered injuries to his hands, wrists, and arms.  *Id*.  Once they arrived at the jail, Plaintiff maintains that Defendant verbally abused him and refused to assist him from the transport vehicle.  *Id*.  As Plaintiff attempted to exit the vehicle, he allegedly fell and further injured himself.  *Id*.

5

Defendant denies all such allegations and maintains that she acted appropriately and in good faith in Plaintiff's transportation to the Jail. (Doc. 40, Exh. A). Defendant further maintains that she neither created nor has knowledge of any unconstitutional policies that caused any alleged violation of Plaintiff's rights. (Docs. 40, 41).

**C.    Legal Analysis**

1.    Section 1983 claims against Plaintiff in her individual capacity

Plaintiff alleges Defendant violated his Fourth Amendment rights by "placing handcuffs on [his] hands in an excessively tight manner, causing physical injuries to my hands, wrists and arms [despite] several pleas to [Defendant] to loosen the handcuffs." (Doc. 43).  Government officials performing discretionary functions are generally protected from personal civil liability through the doctrine of qualified immunity if their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known." *See* Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  "Plaintiffs must prove the existence of a clear, factually defined, well-recognized right of which a reasonable police officer should have known. Barts v. Joyner, 865 F.2d 1187 1190 (11th Cir. 1989).   Therefore, where a legitimate question as to what is required by existing law arises, a defendant is protected by qualified immunity. Mitchell v. Forsyth, 472 U.S. 511, 535 (1985).

Here, Plaintiff fails to satisfy his burden of identifying a federal law allegedly violated by Defendant in handcuffing him.  Further, the use of de minimis force, such as that which would be used to tightly handcuff an arrestee, has not been held unconstitutional.  *See* Harris v. Chapman, 97 F.3d 499, 505 (11th Cir. 1996).  Therefore, as a matter of law, Defendant is protected from Section 1983 claims by qualified immunity in her individual capacity as to Plaintiff's allegations of federal constitutional violations.

2.    Section 1983 claims against Plaintiff in her official capacity

"For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents." Vineyard v. County of Murray, 990 F.2d

1307, 1210 (11th Cir. 1993) (citing Owens v. Fulton County, 877 F.2d 947, 951 n. 5 (11th Cir.1989)).  To establish liability against a governmental entity under Section 1983, the Plaintiff must show that the governmental actors were acting pursuant to a policy, practice or custom.  Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978).  The Monell standard necessarily requires Plaintiff to make two showings: first, that an unconstitutional municipal policy or custom exists; and second, that the governmental actor was acting pursuant to said custom or policy when she caused the alleged harm.  As the Eleventh Circuit notes in Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1479 (11th Cir. 1991), a municipality may not be held liable under Section 1983 simply on the basis of *respondeat superior*.  "Where the policy relied upon is not itself unconstitutional, considerably more proof than the single incidence will be necessary in every case to establish both the requisite fault of the municipality, and the causal connection between the 'policy' and the constitutional deprivation.  Oklahoma Ciy v. Tuttle, 471 U.S. 808, 823-24 (1986).

Here, Plaintiff submits the City of Albany Police Department Standard Operating Procedure [for] Transport of Prisoners ("Standard Operating Procedure") as evidence of the relevant municipal policy. (Doc. 43, Exh. A).   Section V-C of the Standard Operating Procedure, regarding "Handicapped and Physically Impaired Persons" imposes an extra duty of care on officers transporting said persons while in custody.  *Id*.  Section V-C continues:

2.  The transporting officer will determine if a physically impaired prisoner who used supporting devices...is of such a disposition so as to use the device as a weapon.  Normally, the physically impaired prisoner will not be restrained and will be allowed to use supporting devices to move to and from the transporting vehicle...

3.  If a physically impaired person is violent, supporting devices will be removed from that individual.  If the prisoner is not ambulatory without the devices, that individual will be assisted to and from the transport vehicle by the transporting officer... *Id*.

The Standard Operating Procedure raises no constitutional questions relevant to the instant action.  Plaintiff has not shown that the policy cited is unconstitutional, but only asserts that the policy was violated.  To establish municipal liability, Plaintiff is therefore required to submit "considerably more proof than the single incident" complained of.  Here, Plaintiff has neither alleged nor provided

such proof. Plaintiff has not shown more than a single incident in the record. Therefore, Plaintiff has failed to show that the City has an unconstitutional policy or custom permitting its employees to act in an unconstitutional manner with regard to Plaintiff's instant allegations. As a matter of law, Defendant is protected from Section 1983 claims by qualified immunity in her official capacity.

### 3. Georgia state law claims against Plaintiff in her individual capacity

Under the Georgia Constitution, "state officers and employees [enjoy official immunity and] are subject to suit only when they negligently perform or fail to perform their ministerial functions or when they act with actual malice or intent to cause injury in the performance of their official functions." Gilbert v. Richardson, 264 Ga. 744, 752-53 (1994) (internal quotations removed). A ministerial function is one that requires the execution of a specific task upon the manifestation of certain, proven conditions. Such a function is absolute and definite, and does not involve any discretion on the part of the employee. *See, e.g.* Nelson v. Spalding County, 249 Ga. 334 (1982).

Here, the Standard Operating Procedures specifically give the arresting officer discretion to determine if a physically handicapped prisoner should be handcuffed. *See supra* Section III, C-2. Defendant was not the original arresting officer, but upon arrival at the hospital, she became the custodial officer charged with discretionary authority over whether Plaintiff should remain handcuffed while being transported to the Jail. Acting within the scope of said discretionary authority, she handcuffed Plaintiff. *See supra* Section B. The burden now shifts to Plaintiff to prove Defendant acted with actual malice or intent to injure him. Plaintiff has failed to produce any evidence which may support a finding that Plaintiff acted with the requisite malice or intent to injure. As to this claim, no genuine issue of material fact remains. Defendant is therefore entitled in her individual capacity to summary judgment as to Plaintiff's Georgia state law claims.

### 4. Georgia state law claims against Plaintiff in her official capacity

Any state law claims against Defendant in her official capacity are also claims against the City of Albany. *See* Pearson v. City of Atlanta, 231 Ga. App. 96, 101 (1998); *see also* Gilbert, 264

Ga. at 750; Vineyard, 990 F.2d at 1210.  Municipal corporations such as the City of Albany enjoy sovereign immunity and are immune from liability for damages.  *See* O.C.G.A. § 36-33-1.  O.C.G.A. § 36-33-3 further states "[a] municipal corporation shall not be liable for the torts of policemen or other officers engaged in the discharge of the duties imposed on them by law."   Here, Plaintiff has failed to prove the City of Albany has waived its sovereign immunity.  Defendant, therefore, is entitled to summary judgment as to Georgia state law claims against her in her official capacity.

The Court, therefore **GRANTS** Defendant's Motion for Summary Judgment (Doc. 39), having found her to be entitled to judgment as to all claims as a matter of law.

**IV.    Conclusion**

For the foregoing reasons, Defendant's Motion to Compel (Doc. 33) is **DENIED**;  Plaintiff's Motion for Joinder (Doc. 36) is **DENIED**; and Defendant's Motion for Summary Judgment (Doc. 39) is **GRANTED**.

**SO ORDERED**, this   29th   day of March, 2006.

>    /s/W. Louis Sands
> **W. LOUIS SANDS, CHIEF JUDGE**
> **UNITED STATES DISTRICT COURT**